IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNEST AVERY,
        Petitioner
   v.
SHAWN MILLION, WARDEN,
F.C.I. LORETTO,
        Respondent

Case No. 3:15-cv-298-KRG-KAP

Memorandum Report and Recommendation

Petitioner, an inmate at F.C.I. Loretto, filed a petition for a writ of habeas corpus under 28 U.S.C.§ 2241. Under 28 U.S.C.§ 2243, it should be summarily denied.

Ernest Avery was prosecuted for armed bank robbery in the United States District Court for the Eastern District of Pennsylvania at United States v. Avery, Case No. 2:03-cr-154-SD (E.D.Pa.). On April 29, 2009, Honorable Stewart Dalzell sentenced Avery to 192 months imprisonment followed by five years of supervised release, after Avery pleaded guilty under a plea agreement. There was no appeal. Two years later Avery filed two motions to vacate the judgment, both of which Judge Dalzell denied as untimely. Avery appealed from the second dismissal and the Court of Appeals dismissed the appeal for lack of prosecution. United States v. Avery, No. 11-2950 (3d Cir. October 13, 2011). In 2014 and 2015 Avery filed additional motions to vacate that Judge Dalzell dismissed as untimely. There were no appeals.

This court cannot hear petitioner's petition for a writ of habeas corpus because 28 U.S.C.§ 2255(e) provides:

> **An application for a writ of habeas corpus** in behalf of a prisoner who is authorized to apply for relief by motion pursuant

to this section, **shall not be entertained if** it appears that the applicant has failed to apply for relief, by motion, to **the court which sentenced him,** or that such court **has denied him relief, unless** it also appears that **the remedy by motion is inadequate** or ineffective to test the legality of his detention. (my emphasis).

A motion to vacate a sentence pursuant to 28 U.S.C.§ 2255 filed in the sentencing court is the exclusive means for a federal prisoner to challenge the validity of a conviction and sentence unless such a motion would be "inadequate or ineffective."

Petitioner asserts that a habeas corpus petition is the correct means of attacking his conviction, but he misunderstands the distinction between the precedents relevant to attacks on federal convictions with the precedents relevant to attacks on state convictions. Civil rights cases attacking prison conditions in state prisons must be brought under 42 U.S.C.§ 1983; attacks on state court convictions or sentences as being in violation of federal law must be brought in habeas corpus petitions under 28 U.S.C.§ 2254. Civil rights cases attacking prison conditions in federal prisons are brought under specific Supreme Court decisions creating a cause of action, e.g. Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) and Carlson v. Green, 446 U.S. 14 (1980); attacks on federal convictions are either attacks on the execution (computation of good conduct time credit, credit for prior custody, etc.) of the sentence that must be brought under 28 U.S.C.§ 2241, or motions to vacate the conviction or sentence

2

itself that must be brought under 28 U.S.C.§ 2255. What petitioner Avery plainly intends is a motion to vacate.

Petitioner Avery must show therefore that Section 2255 is inadequate or ineffective before he can proceed under the general habeas corpus provision, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002), and he has not. Section 2255 is not an inadequate remedy even if a petitioner has failed to file a timely motion to vacate or filed a timely but unsuccessful motion to vacate and cannot not meet the gatekeeping requirements for filing a second one. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir.2002). It is the efficacy of the remedy, not petitioner's lack of success in using it, that determines whether a motion to vacate is an inadequate or ineffective remedy. Avery's passing suggestion that this court has the power (either under 28 U.S.C.§ 1331 or 28 U.S.C.§ 2241) to review the adequacy of Judge Dalzell's consideration of his motions to vacate is incorrect: that is the function of the Court of Appeals.

So far, the only circumstance where a writ of habeas corpus has been declared available because a motion to vacate is an inadequate or ineffective remedy to attack a federal conviction is when there has been a new precedential interpretation of the statute under which a petitioner was convicted that negates criminal liability for petitioner's conduct, and that interpretation has come after the time to file a motion to vacate

3

has expired. In re Dorsainvil, 119 F.3d 245 (3d Cir.1997), Abuhouran v. Grondolsky, 392 Fed.Appx. 78 (3d Cir.2010), United States v. Tyler, 732 F.3d 241 (3d Cir.2013); cf. Parker v. Warden, 596 Fed.Appx. 164 (3d Cir.2015)(rejecting the extension of Dorsainvil to an Alleyne claim.) Because petitioner Avery's only argument that Section 2255 is inadequate is because he was not successful in his motions to vacate, his petition must be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the petitioner is given notice that he has fourteen days to file written objections to this Report and Recommendation.

DATE: 25 January 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Ernest Avery, Reg. No. 63400-066
F.C.I. Loretto
P.O. Box 1000
Loretto, PA 15940